IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JON HISD DOE,** | § | |
|     **PLAINTIFF** | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **HARLANDALE INDEPENDENT** | § | |
|     **SCHOOL DISTRICT,** | § | |
|     **DEFENDANT** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff JON HISD DOE to hereby file "Plaintiff's Original Complaint" ("Complaint") and in support would show this Honorable Court the following:

### PREAMBLE

*Plaintiff is a minor who has now been determined to qualify for various disabilities in accordance with applicable Federals laws. Notwithstanding the disabilities held by Plaintiff, Defendant Harlandale-ISD (during the time that Plaintiff attended school within Defendant Harlandale-ISD) completely ignored Plaintiff Jon as being eligible for the educational programs offered by Defendant Harlandale-ISD. Plaintiff Jon's mother pursued all reasonable efforts to seek redress from Defendant Harlandale, only to be ignored and blocked. Left with no choice and in order to secure the safety of Plaintiff, Plaintiff Jon was withdrawn from Defendant Harlandale. This lawsuit is a request to seek damages only with regards to the "child-find" failures of Defendant Harlandale-ISD.*

### A. NATURE OF SUIT

1. A prior action was pursed on behalf of Plaintiff Jon but was dismissed without prejudice. This matter is being pursued with additional facts establishing

that the administrative remedy of a Due Process Proceeding (defined hereafter) became moot due to the need to physically protect Plaintiff Jon from further harm by Defendant Harlandale-ISD.

2. Plaintiff Jon now files this original action for damages relief pursuant to a federal question being asserted under The Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*.

## B. PARTIES

3. Plaintiff **JON HISD DOE** ("Jon") is a minor residing in the State of Texas. Because of the privacy issues involved in this matter, Jon is hereby exercising Jon's rights to proceed with this matter anonymously. This action is being brought by Jon's mother as Jon's *next best friend.*

4. The need to protect the identity of Plaintiff Jon does not hinder the defense of this matter by Defendant Harlandale-ISD, for the facts are well known to the Defendant Harlandale-ISD. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to a defendant, the protection of Jon's privacy prevails.

5. At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff Jon, Jon's identity shall be disclosed, as well as the identity of Jon's parents bringing this action. Plaintiff Jon will be seeking the

issuance of a protective order and a motion to file certain matters under seal to obtain the needed protections.

6. Defendant **HARLANDALE INDEPENDENT SCHOOL DISTRICT** ("Harlandale-ISD") is a public school district located in the State of Texas, operates in accordance with the laws of the State of Texas, and the United States Department of Education, and may be served with process herein by personal by serving its superintendent as follows:

> **Harlandale Independent School District**
> **Gerardo Soto, Superintendent**
> **102 Genevieve Drive**
> **San Antonio, Texas 78214**

### C. JURISDICTION and VENUE

7. The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

> The Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. (Section 504").

8. As a public school district located in the State of Texas that receives certain funding from the United State of America under the Individuals with Disabilities Education Act, 20 U. S. C. §§ 1400 et seq. (hereafter, the "IDEA") Defendant Harlandale-ISD is mandated to implement policies and procedures assuring that all students with potential disabilities are identified and evaluated ("Child Find") for services under the IDEA.

9. Venue is proper in the Western District of Texas (San Antonio Division) because Defendant Harlandale-ISD operates its schools in, and from, San Antonio, in Bexar County, Texas, which is also where the underlying events occurred. Bexar County is within the San Antonio Division of the Western District of Texas.

### D. GENERAL BACKGROUND

10. Plaintiff Jon is a young boy who has been diagnosed with various learning disabilities ("Disabilities"). Such diagnosis was obtained after Jon was removed from attending Defendant Harlandale-ISD for Jon's own safety.

11. Prior to the 2017-2018 school year, Plaintiff Jon was enrolled in a public school owned and operated by Defendant Harlandale-ISD.

12. Throughout Plaintiff Jon's time while enrolled with Defendant Harlandale-ISD, Defendant Harlandale-ISD ignored Jon's obvious special needs. Instead, Defendant Harlandale-ISD attributed all of Jon's learning difficulties as *bad behavior* and essentially viewed Jon as a *bad kid.*

13. As a public school district located in the State of Texas that receives certain funding from the United State of America under the Individuals with Disabilities Education Act, 20 U. S. C. §§ 1400 et seq. (hereafter, the "IDEA") Defendant Harlandale-ISD was mandated to implement policies and procedures

assuring that all students with potential disabilities are identified and evaluated ("Child Find") for services under the IDEA.

14. Specifically, Defendant Harlandale-ISD had an absolute duty:

(a) to identify those students with disabilities that might be otherwise excluded from educational opportunities because of their disabilities, and

(b) to then ensure that such identified students with disabilities are treated in a manner equal to the manner in which Harlandale-ISD treats its student not limited by disabilities, subject only to accommodation for such disabilities.

15. However, as started, Defendant Harlandale-ISD simply ignored the needs of Plaintiff Jon (hereafter, the "Child-Find Violation").

16. Numerous efforts were made but blocked by Plaintiff Jon's mother in attempts to seek services for Jon's Disabilities. All such efforts were blocked, refused, and otherwise ignored by Defendant Harlandale-ISD. As a result, any further efforts within Defendant Harlandale-ISD would have been mute.

17. Every day that Plaintiff Jon attended Defendant Harlandale without the services for Jon's Disparities was causing harm to Jon.

18. To protect Plaintiff Jon from further and continuing harm, Jon's mother withdrew Jon from enrollment within Defendant Harlandale-ISD. Although Jon's mother could have pursued the administrative remedy known as a Due Process

Proceeding, to have done so would have required the continued enrollment of Jon in the harmful environment of Defendant Harlandale-ISD.

19. As a result of Defendant Harlandale-ISD's Child Find Violation, Defendant Harlandale has also violated Section 504 and is liable for damages.

20. As a result of Defendant Harlandale-ISD's failure to identify Plaintiff Jon and offer Jon the educational services Jon was entitled Jon, Jon has fallen behind academically and emotionally, resulting in serious learning and emotional difficulties.

21. Further, as a direct result of the Deprivation of Jon's Rights, Jon's emotional well-being has deteriorated and is likely to continue to deteriorate.

22. Defendant Harlandale-ISD's violation of Section 504 was committed intentionally and in bad faith.

23. As a result of Defendant Harlandale-ISD's Child Find Violation, Plaintiff Jon was forced to engage an attorney and pursue this action to seek legal damages.

24. All conditions precedent to Plaintiff Jon bringing these claims have been met.

### E.  PLAINTIFF'S CAUSES OF ACTION

25. Plaintiff incorporates by reference the facts set forth in foregoing Article D: GENERAL BACKGROUND hereof.

## COUNT ONE: VIOLATIONS OF SECTION 504

26. Defendant Harlandale-ISD's Child Find Violation is also a violation of the rights granted Plaintiff Jon under Section 504.

27. As a result of such violations, Plaintiff Jon has been harmed, and will continue to suffer harm.

28. Plaintiff Jon now seeks all actual and consequential damages available to Plaintiff.

29. Plaintiff Jon should be also awarded the reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

### F.   REQUEST FOR JURY

30. Plaintiff Jon hereby exercises his right to demand that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JON HISD DOE respectfully prays that upon final trial of this matter Jon recover a judgment against Defendant Harlandale-ISD for:

- Plaintiff's actual and consequential damages;
- Plaintiff's reasonable and necessary attorney's fees;
- Plaintiff's costs of court; and


Any and all such other relief, legal and equitable, as to which Plaintiff Jon may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

_/s/ Terry P. Gorman_

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214.802.3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF
JON HISD DOE**