UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JON HISD DOE,**

    **Plaintiff,**

v.                                                                 No.  SA-20-CV-00960-JKP

**HARLANDALE INDEPENDENT**
**SCHOOL DISTRICT,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction filed pursuant to Federal Rule 12(b)(1). *ECF No. 5*. Upon consideration of the Complaint, motion and responses, the Court concludes it lacks subject matter jurisdiction, and the Motion to Dismiss shall be GRANTED. Any Motion for Sanctions is DENIED.

### Factual Background

The mother of minor Plaintiff, Jon HISD Doe ("Jon Doe"), brings this lawsuit as his next friend. *See ECF No. 1, par. 3*. Jon Doe is a former student of Harlandale Independent School District ("HISD"). Jon Doe alleges HISD failed to identify him as a student needing special education services and, consequently, failed to provide him special educational services under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, et seq. ("IDEA"). *Id. at pp. 4-5, pars. 10-23*. Based on these IDEA violations, which Jon Doe identifies as "Child Find" violations, he asserts a single cause of action for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. ("Section 504"). *Id. at pp. 4-5, 7, pars. 13-14, 25-27*.

Jon Doe previously filed a lawsuit against HISD in state court, which was removed to this District Court: *Jon Harlandale-GA Doe v. Harlandale Independent School District*, Civil Action No. SA-18-cv-00889-OLG. It is undisputed this previous lawsuit was based upon the same facts and circumstances as this one. In his First Amended Complaint in the previous lawsuit, Jon Doe asserted three causes of action based upon the same alleged "Child-find" violations: (1) violation of the IDEA; (2) violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*.; and (3) violation of rights under 42 U.S.C. § 1983. *Id. at ECF No. 1, attach. 2, pp. 20-21, pars. 23-43*. In this previous First Amended Complaint, Jon Doe asserted

> There are no administrative remedies that exist under the IDEA that can turn back the clock and allow the Defendant to be immune from its Child Find failures. Rather, the remedies available to Plaintiff Jon for the Child Find Violation are monetary in nature and found under Section 504 and Section 1983.
>
> Even if there had been required administrative remedies under the IDEA, in Plaintiff Jon's case, Defendant Harlandale-ISD's actions establish that such efforts would have bee [sic] futile.

*Id. at pars. 24-25*. Jon Doe then enumerated alleged suppressive measures conducted by HISD to demonstrate the alleged futility of any administrative remedies. *Id. at pars. 26-30.* HISD moved to dismiss that action for lack of subject matter jurisdiction because Jon Doe failed to exhaust his administrative remedies. *Id. at ECF No. 12*. Jon Doe did not respond to the Motion to Dismiss.

Judge Garcia dismissed the previous lawsuit for lack of subject-matter jurisdiction on June 13, 2020. *Id. at ECF No. 17*. Judge Garcia concluded Jon Doe "does not dispute that he failed to exhaust administrative remedies, nor does he attempt to show that exhaustion of the administrative process would have been futile." *Id*. For this reason, Judge Garcia dismissed the suit without prejudice. *Id*. The Fifth Circuit affirmed this dismissal on March 11, 2020. *Doe v. Harlandale Indep. Sch. Dist*., 797 Fed. Appx. 185 (5th Cir. 2020)(per curiam).

## Analysis

1. Motion to Dismiss

Jon Doe filed this lawsuit on August 16, 2020. *See ECF No. 1.* HISD moves to dismiss this action for lack of subject matter jurisdiction because Jon Doe still has not exhausted his administrative remedies. *See ECF No. 5.*

In his Response to the Motion to Dismiss, Jon Doe concedes this lawsuit is based upon the same facts and circumstances as the previous lawsuit; he asserted futility of exhaustion of administrative remedies in the previous lawsuit, and; he did not exhaust the required administrative remedies before filing this action. *See ECF No. 8, pars. 6-8.* Jon Doe responds to this Motion to Dismiss arguing he failed to "flesh out" his full argument with regard to futility in the previous action. *Id.* Citing a well-established exception to the exhaustion-of-remedies requirement, Jon Doe asserts "parents may by-pass the administrative process where exhaustion would be futile or inadequate." *Id. at pars. 9-12*. Here, Jon Doe alleges pursuit of administrative remedies would have been futile because "leaving [him] with Defendant Harlandale would have been unsafe. . . . The safety of Plaintiff was never before the Court in the 2018." *Id.*

Jon Doe had ample opportunity to assert this alleged exception to the exhaustion requirement in the previous action, though admittedly failed to assert the arguments now presented. Nevertheless, the Court will address his arguments regarding the "futility" exception presented here to allow him a full opportunity to be heard.

"A complaint brought before a federal district court based on the IDEA is not a justiciable controversy until a plaintiff fully exhausts administrative remedies under the IDEA or proves exhaustion would be futile or inadequate." *El Paso Indep. Sch. Dist. v. Richard R.,* 567 F. Supp. 2d 918, 938 (W.D. Tex. 2008)(citing *Gardner v. Sch. Bd. Caddo Parish,* 958 F.2d 108, 112 (5th

Cir.1992); *see* 20 U.S.C. § 1415(i)(2)(A)). Although the Fifth Circuit has not directly addressed the point, adequate authority provides that absent proof of an exception, a plaintiff's failure to exhaust any administrative remedies deprives this Court of subject matter jurisdiction. *See e.g. Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 488 (2d Cir. 2002); *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3rd Cir. 2014); *Wood v. Katy Indep. Sch. Dist.*, No. H-09-1390, 2010 WL 11417849, at *3 (S.D.Tex. Sept. 27, 2010); *J.V. v. Brownsville Indep. Sch. Dist.*, 1:18-CV-008, 2020 WL 3415747, at *3-4 (S.D. Tex. June 22, 2020); *but see Gardner,* 958 F.2d at 112 (noting "[w]e do not decide whether exhaustion is a jurisdictional requirement. Quite arguably, it is not because there is a judicial exception to exhaustion when exhaustion would be futile or inadequate."). Further, the exhaustion-of-remedies requirement applies to claims brought under Section 504 of the Rehabilitation Act for violations related to or arising under the IDEA. *J.V. v. Brownsville Indep. Sch. Dist.,* 2020 WL 3415747, at *4-5, *7.

The party seeking to litigate in federal court bears the burden of establishing subject-matter jurisdiction. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001); *Wood v. Katy Indep. Sch. Dist.*, CIV.A. H-09-1390, 2011 WL 4383032, at *1 (S.D. Tex. Sept. 20, 2011). As such, a plaintiff bears the burden of proving, and must advance specific reasons why, exhaustion of administrative remedies would have been futile or inadequate. *Flores v. Sch. Bd. of DeSoto Parish,* 116 Fed. Appx. 504, 511 (5th Cir. 2004); *Wood v. Katy Indep. Sch. Dist.*, 2011 WL 4383032, at *2.

Jon Doe asserts generally in his response to the Motion to Dismiss that he had to be removed from Harlandale School District due to "verbal abuse." *ECF No. 8, p. 3*. Jon Doe asserts in his Original Complaint he "is a young boy who has been diagnosed with various learning disabilities". *ECF No. 1, p. 3, par. 10.* Such diagnosis was obtained after Jon Doe was "removed

4

from attending Defendant Harlandale-ISD for [his] own safety." *Id*. Jon Doe further alleges, "[t]o protect Plaintiff Jon from further and continuing harm, Jon's mother withdrew Jon from enrollment within Defendant Harlandale-ISD. Although Jon's mother could have pursued the administrative remedy known as a Due Process Proceeding, to have done so would have required the continued enrollment of Jon in the harmful environment of Defendant Harlandale-ISD." *Id. at par. 18.*

Jon Doe's allegations are not sufficient to sustain his burden to show futility or inadequacy and do not justify bypassing the exhaustion requirement. Jon Doe does not demonstrate how his personal safety while at school made the administrative process designed to correct the alleged problem futile. Nor does Jon Doe provide a logical connection between his personal safety and the futility of exhausting the administrative process based upon allegations of "Child Find" violations. Jon Doe asserts he left HISD before he was diagnosed with learning deficiencies. He sues HISD for its failure to diagnose his learning disabilities and provide him special educational services under the IDEA. He does not sue HISD for its failure to ensure his personal safety, nor does he allege the failure to diagnose him created the "verbal abuse" or threat to his personal safety. Therefore, his personal safety was not at risk at the time he would have pursued any administrative remedies for HISD's alleged deficiencies in failing to diagnose him.

For these reasons, Jon Doe fails to meet his burden to show the futility or inadequacy of exhausting his administrative remedies to assert his "Child Find" claims due to the threat to his personal safety.

2. **Motion for Sanctions**

HISD includes "Motion for Sanctions" in the title of its Motion to Dismiss and therein generally requests the Court "award appropriate sanctions." *ECF No. 5*. However, a party seek-

5

ing sanctions must file a motion for sanctions "separately from any other motion" and "describe the specific conduct that allegedly" supports the imposition of sanctions. Fed. Rule Civ. P. 11(c)(2). HISD fails to adequately move for or support any sanctions. *See id*. Therefore, to the extent requested, any Motion for Sanctions shall be denied.

## Conclusion

Jon Doe's cause of action brought under Section 504 of the Rehabilitation Act based upon IDEA violations is subject to the exhaustion-of-administrative remedies requirement of all claims brought under the IDEA. Jon Doe admittedly failed to exhaust these administrative remedies and fails to prove an exception to this requirement. Consequently, this Court lacks subject matter jurisdiction, as there is no justiciable controversy. Therefore, HISD's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**. This lawsuit is hereby dismissed without prejudice but is subject to refiling only when Jon Doe exhausts any available and appropriate administrative remedies. Jon Doe may not file another lawsuit simply to assert or prove futility of exhaustion of administrative remedies, as he has had two opportunities to do so.

To the extent requested, HISD's Motion for Sanctions is **DENIED**. However, if Jon Doe brings another action based upon these same facts or circumstances without exhausting any available and appropriate administrative remedies, sanctions shall be appropriate and may be imposed by proper motion or *sua sponte*. *See* Fed. Rule Civ. P. 11(c)(2), (3).

It is so ORDERED.
SIGNED this 9th day of November, 2020.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE